FILED
SUPERIOR COURT
OF GUAM

2025 AUG 20 PM 1:45

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PORT AUTHORITY OF GUAM,<br><br>Petitioner,<br><br>vs.<br><br>CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>and<br><br>JOYJEAN R. ARCEO,<br><br>Real Party In Interest. | SPECIAL PROCEEDINGS NO. SP0119-24<br><br>**DECISION AND ORDER** |

This matter came before the Court on May 2, 2025 for a hearing on Petitioner Port Authority of Guam's ("PAG") Motion to Dismiss Real Party in Interest's Counterclaim ("Motion"), filed on January 3, 2025. Attorney James L. Canto II was present for PAG, and Attorney Jacqueline T. Terlaje was present for Real Party in Interest Joyjean R. Arceo ("RPI"). Attorney Katherine M. Nepton was also present for Respondent Guam Civil Service Commission ("CSC"), Upon review of the record and the parties' arguments, the Court **GRANTS** the Motion.

## BACKGROUND

This case arises from the PAG's termination of RIP on October 31, 2023 and her subsequent appeal to the CSC in Case No. 23-AA11T. On August 6, 2024, the CSC issued a

written Decision and Judgment, finding that the PAG failed to secure the four affirmative votes required under 4 GCA § 4402 to sustain the termination. Based on this finding, the CSC awarded RPI back pay, leave accrual, and attorneys' fees. On September 5, 2024, the PAG petitioned for judicial review, challenging the legal sufficiency of the CSC's vote.

On November 5, 2024, RPI filed a Verified Answer and Counterclaim ("Counterclaim"), seeking declaratory relief pursuant to 7 GCA § 26801 and requesting that the Court affirm the validity of the CSC's decision and order the PAG to comply. In the instant Motion, the PAG moves to dismiss the Counterclaim under Guam Rules of Civil Procedure ("GRCP") 12(b)(6) and 12(f), asserting that the Counterclaim is legally redundant, procedurally impermissible in a writ proceeding, and substantively deficient to seek relief under 7 GCA § 26801.

On January 31, 2025, RPI filed her opposition to the Motion, arguing that: (1) the Counterclaim is not a mirror image of the PAG's Petition because the PAG seeks to void the CSC's decision; (2) declaratory relief is proper because 7 GCA § 26801 allows declaratory relief before or during a dispute; and (3) RPI's Counterclaim is not redundant under GRCP 12(f) because it serves a useful purpose distinct from the Petition, and that she is not attempting to challenge the CSC's order but to enforce it.

On February 14, 2025, the PAG filed its reply, reiterating that the Counterclaim essentially mirrors the Petition because both parties are asking the Court to interpret 4 GCA § 4402 as it applies to the CSC's vote and decision. The reply further asserts that the Counterclaim does not reference 4 GCA § 4406(g) or reinstatement pending judicial review, but only seeks "compliance with the Decision and Judgment," and that writ proceedings are limited in scope so as not to permit counterclaims. The reply argues that, even if the Counterclaim were interpreted as requesting reinstatement under 4 GCA § 4406(g), the issue is arguably already pending before the CSC in a separate case, which would deprive the Court of jurisdiction under

4406(f)(1)(A) and sovereign immunity. The PAG also asserts that it attempted to reinstate RPI, but she allegedly declined to return.

## DISCUSSION

RPI has filed a counterclaim in this matter seeking declaratory relief. The Court finds this inappropriate for the reasons below. 7 GCA § 26801 allows any person interested in a written instrument, contract, or property to bring an action for a declaration of rights or duties in cases of actual controversy. The statute provides that such declarations may be affirmative or negative and have the force of a final judgment. However, the Guam Supreme Court has upheld the position that declaratory relief is not available for the review of administrative orders. *Perez v. Judicial Council of Guam*, 2002 Guam 12 ¶¶ 10-12.

Further, counterclaim motions, those seeking declaratory relief and otherwise, also conflict with the procedural framework for judicial review established by Guam law. The Guam Supreme Court has emphasized that judicial review proceedings are not civil actions in which counterclaims or other forms of relief may be sought. *See, e.g. GMHA v. CSC*, 2015 Guam 18 ¶¶ 21-22 ("the Guam Rules of Civil Procedure, which include requirements concerning answers, defenses, discovery, scheduling conferences, and trials (all of which are absurd in the context of judicial review) are not applicable [to judicial review cases].")

The Guam Supreme Court has found that parties are not entitled to circumvent the exclusive review process established by the Administrative Adjudication Law by filing alternative claims or actions. *Pacific Data Systems, Inc. v. Guam Dept. Of Education*, 2024 Guam 4 ¶ 22. "We perceive no sound judicial policy for allowing a party aggrieved by an administrative decision to forego an available avenue of judicial review only to allow that same party to initiate judicial review in another form at some future date that no one can predict or rely upon with any certainty." *Id.*

Ultimately, it is improper for a real party in interest to file any counterclaim, particularly one seeking declaratory relief under 7 GCA § 26801, in a matter of judicial review. Judicial review proceedings are governed by specific statutory procedures that do not allow for counterclaims or alternative forms of relief, nor is declaratory relief an appropriate remedy in this context.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** PAG's Motion to Dismiss Real Party in Interest's Counterclaim

**IT IS SO ORDERED:**     AUG 2 0 2025

_____

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**